IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KEVIN SALOMON GONZALES,**

    **Plaintiff,**

v.                                                                                                                                     No. 19-cv-0900 SMV

**ANDREW SAUL,**
**Commissioner of the Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand for Designation of a Closed Period of Disability from February 6, 2016 to August 29, 2018 [Doc. 19] and brief in support [Doc. 20], filed on February 14, 2020.  The Commissioner responded on May 1, 2020.  [Doc. 28].  Plaintiff did not file a reply.  The parties have consented to my entering final judgment in this case.  [Doc. 23].  Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that Plaintiff fails to meet his burden as the movant before this Court to show either that the Administrative Law Judge ("ALJ") did not apply the correct legal standards or that his findings were not supported by substantial evidence.  That is, Plaintiff fails to show any reversible error in the ALJ's step three finding or in his evaluation of Plaintiff's limitations due to obesity or other impairments.  The Motion will be denied and the Commissioner's final decision, affirmed.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were

applied.[1]  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner.  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003)).  The "decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.* (quoting *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988)).  While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The 'failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.'"

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981.  This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

*Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2015); 20 C.F.R. § 404.1505(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520 (2012). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i)–(iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff applied for a period of disability and disability insurance benefits and for supplemental security income on June 22, 2016. Tr. 12. He alleged a disability-onset date of February 4, 2016. *Id.* His claims were denied initially and on reconsideration. *Id.* ALJ Stephen Gontis held a hearing on August 29, 2018, in Albuquerque, New Mexico. Tr. 12, 29–64. Plaintiff appeared in person with his attorney, Erin M. Pitcher. Tr. 12. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Melissa P. Brassfield. Tr. 12, 56–63.

The ALJ issued his unfavorable decision on November 6, 2018. Tr. 22. He found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2018. Tr. 14. "Thus, [Plaintiff] must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits." Tr. 13. At step one, he found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 14. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "obesity, diabetes mellitus, dysfunction of the major joints, chronic venous insufficiency, depression, and anxiety." *Id.* The ALJ also found that Plaintiff's hypertension and obstructive sleep apnea were not severe. Tr. 15.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 15–17. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 17–20. The ALJ found that Plaintiff had:

> the [RFC] to perform less than the full range of light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.9679(b). Specifically, [Plaintiff] is able to lift and/or carry up to 20 pounds occasionally; up to 10 pounds frequently; sit for six hours per

4

> eight-hour workday; stand and/or walk for six hours per eight-hour workday; and push and/or pull as much as he is able to lift and/or carry. He can climb ramps and stairs occasionally; can never climb ladders, ropes, or scaffolds; and can occasionally balance, stoop, kneel, crouch, and crawl. He can never work at unprotected heights and can occasionally work around pulmonary irritants such as dust, odors, and fumes. He is able to understand, remember, and carry out simple, routine tasks and to frequently respond appropriately to supervisors, co-workers, and to the public. He is limited to tolerating few changes in a routine work setting, defined as few changes.

Tr. 17.

At step four, the ALJ found that Plaintiff was unable to return to his past relevant work. Tr. 20. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. TR. 20–22. He found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. Tr. 21–22. The Appeals Council denied review on July 31, 2019. Tr. 1–6. Plaintiff timely filed the instant action on September 26, 2019. [Doc. 1].

## **Analysis**

Plaintiff advances three "contested findings" by the ALJ, each without merit. First, he fails to show that the ALJ erred in finding that he "does not have an impairment or combination of impairments that meets or medically equals the severity of [one] of the listed impairments" at step three. Second, he fails to develop any argument that the ALJ did not provide sufficient evidence at step three to support his findings. Third, he fails to show reversible error in the ALJ's consideration of his obesity or its related limitations on his ability to work. Because Plaintiff has

failed to meet his burden to show reversible error, I find that Plaintiff's Motion should be denied, and the Commissioner's decision should be affirmed.

## I.  Plaintiff fails to show any error at step three.

At step three, the ALJ "asks whether any 'medically severe impairment,' alone or in combination with other impairments, is equivalent to any of a number of listed impairments so severe as to preclude 'substantial gainful employment.'"  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (quoting 20 C.F.R. §§ 404.1525–404.1526 & pt. 404, subpt. P, App. 1).  "If listed, the impairment is conclusively presumed disabling."  *Id.*  (citing 20 C.F.R. § 404.1520(d)). "If unlisted, the claimant must establish at step four that [his] impairment prevents [him] from performing work [he] has previously performed."  *Id.* (citing 20 C.F.R. § 404.1520(e), (f)).

Here, the ALJ concluded at step three that Plaintiff does not have such an impairment or combination of impairments.  Tr. 15.  He noted that the State agency physicians also "concluded that [Plaintiff's] impairments neither met nor equaled the severity of any listed impairment."  *Id.* He went on to discuss Plaintiff's obesity and mental limitations, both of which he had found were severe at step two.

The ALJ indicated he considered Plaintiff's obesity "in terms of its possible effects on [his] ability to work and ability to perform activities of daily living[,]" despite the fact that no physician found that his obesity was disabling.  *Id.*  He found that while Plaintiff's obesity is severe, "the signs, symptoms and laboratory findings of his obesity are not of such severity as found in any listing."  *Id.*  He also "considered [Plaintiff's] limitations due to obesity in the" RFC.  *Id.*

The ALJ considered Plaintiff's mental impairments, both singly and in combination, and found that they "do not meet or medically equal the criteria of listings 12.04 and 12.06."  *Id.*  He

concluded that Plaintiff has a mild limitation in "understanding, remembering, or applying information," and moderate limitations in "concentrating, persisting, or maintaining pace" and "adapting or managing oneself." Tr. 16.  In making these findings, the ALJ discussed Plaintiff's own report of his activities of daily living and his abilities regarding his mental limitations.  *Id.*; *see also* Tr. 240–49.

Plaintiff states under the heading "Contested Findings" that the ALJ erred in finding that he did not have a limitation or combination of limitations that meets a listing.  [Doc. 20] at 3.  He also suggests that the ALJ commits reversible error by failing to explicitly articulate detailed findings at step three, regardless of whether rationale later in the decision provides a sufficient basis for his step three findings.  *Id.*  Plaintiff fails, however, to develop any cogent argument on this point.

The Tenth Circuit has held that an ALJ must "discuss the evidence and explain why he found that [a claimant] was not disabled at step three."  *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (citations omitted).  But a failure to make detailed findings at step three does not automatically translate to reversible error.  If the ALJ makes findings at steps four or five that are detailed and sufficient to support his step three determination, there is no reversible error.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005).  "Neither *Clifton's* letter nor spirit require a remand for a more thorough discussion of the listings when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review."  *Id.*

Here, Plaintiff fails to develop any argument that the ALJ's RFC determination or his findings at steps four or five are not supported by substantial evidence or are insufficient to serve as the basis for his step three conclusion.  *See* [Doc. 20].  As explained in Section II, the Court

7

finds that the ALJ's consideration of Plaintiff's obesity and related limitations is supported by substantial evidence.

The Court also finds that Plaintiff fails to show any error in the ALJ's consideration of his mental limitations. Plaintiff briefly discusses medical records from Steven K. Baum, Ph.D., who apparently treated him for anxiety and depression. *See* [Doc. 20] at 8; *see also* Tr. 391–420. Plaintiff does not explain how the ALJ's analysis of these records constitutes reversible error, nor does he point to medical records or opinions that would support greater mental functional limitations than those the ALJ found. *See* [Doc. 20] at 8.

Plaintiff briefly mentions his diabetes, chronic headaches, chronic spine pain, chronic knee pain, bleeding from his varicose veins, and other impairments. *See*, *e.g.*, [Doc. 20] at 7, 9–10. He does not, however, develop any argument that the ALJ's findings are supported by "a mere scintilla" of evidence or are "overwhelmed by" contrary evidence. *See Langley*, 373 F.3d at 1118 (quotation omitted). Because Plaintiff has not supported his arguments regarding the step three determination or demonstrated reversible error, I find remand is not warranted on the basis of any alleged step three error.

**II.  Plaintiff fails to show any reversible error in the ALJ's consideration of his obesity.**

Plaintiff asserts that the ALJ "failed to take into account [that] prior to bariatric surgery in 2017," his BMI of 65.7 was "an aggravating factor to musculoskeletal, respiratory, and cardiovascular system impairments." [Doc. 20] at 4. Social Security Ruling ("SSR") 02-1p explains that obesity can affect functioning and, therefore, the RFC. *See* 2002 WL 34686281, at *4, 6 (Sept. 12, 2002). According to SSR 02-1p, the National Institutes of Health "Clinical Guidelines recognize three levels of obesity[,]" the most severe of which is Level III, which

includes BMIs of 40 or above. *Id.* at *2. Level III (or "extreme") obesity "represent[s] the greatest risk for developing obesity-related impairments[,]" which often include "chronic diseases of the cardiovascular, respiratory, and musculoskeletal body systems[,]" type II diabetes mellitus, sleep apnea, depression, and others. *Id.* at *2, 3. Because of the relationship between obesity and functioning, the ALJ must "explain how [he] reached [his] conclusions on whether obesity caused any physical or mental limitations." *Id.* at *7.

Here, the ALJ found that Plaintiff's obesity was severe at step two. Tr. 14. At step three, the ALJ considered Plaintiff's obesity "in terms of its possible effects on [his] ability to work and ability to perform activities of daily living." Tr. 15. The ALJ found that Plaintiff's obesity was "severe, but the signs, symptoms, and laboratory findings of his obesity are not of such severity as found in any listing." *Id.*; *see also* SSR 02-1p, 2002 WL 34686281, at *5 (discussing how to evaluate obesity at step three).

The ALJ explicitly and repeatedly considered Plaintiff's obesity, as well as its related complications and symptoms, in determining the RFC. Tr. 15, 17–20. The ALJ stated that "[a] large portion of [Plaintiff's] difficulties stem from obesity." Tr. 18. It is quite clear that the ALJ did more than gloss over Plaintiff's obesity-related limitations; he spilled some ink discussing them. He discussed medical records from the period Plaintiff references—February 6, 2016, through August 29, 2018—including records Plaintiff refers to in his motion. *Compare*, *e.g.*, Tr. 18 (discussing records re: breathing issues, sleep apnea, and polycythemia diagnosis at Tr. 324–90), *with* [Doc. 20] at 6 (discussing records re: breathing issues, hypoxia, sleep apnea, and polycythemia at Tr. 370). The ALJ summarized Plaintiff's pre-surgery health complications due to obesity, including his polycythemia, dyspnea, sleep apnea, oxygen requirements, edema,

9

inflammation, diabetes, and fatigue. Tr. 17–19. He also noted that at one May 2016 visit, the physician found that "other than morbid obesity, examination was grossly normal, including no edema . . . , good strength throughout, no respiratory symptoms, and a normal gait." Tr. 18, 326. And while Plaintiff "was supposed to be on oxygen" for a cough and dyspnea, "he did not bring it with him to the visit." *Id.*

The ALJ then described Plaintiff's improvements in the period after his gastric sleeve surgery. Tr. 18–19. He noted that "no treating physician has placed any restrictions on ability to perform any work related functions." Tr. 19. Plaintiff points to Plaintiff's earnings records through the years and states that "[t]here is no question that the obesity severely restricted [his] ability . . . to work . . . since 2016." [Doc. 20] at 5. But critically, the ALJ recounted Plaintiff's testimony that "had he not been laid off" in 2016, "he would still probably be working, but . . . his anxiety might get in the way." Tr. 18, 40.[3] Plaintiff also testified that he was considering working as a caregiver for his aging parents and was capable of performing a significant range of household chores and activities, including vacuuming, grocery shopping, and mowing the yard. Tr. 18, 42–44; *see Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010) (finding that evidence of claimant's reported activities of daily living undermined her claims of disability).

Plaintiff points to other record evidence regarding his limitations that the ALJ did not explicitly mention in his decision, but his argument is little more than a request to reweigh the evidence, a task outside this Court's purview. *See* [Doc. 20] at 5–9. He fails to make any meaningful argument that the records the ALJ discussed do not provide substantial evidence for

---

[3] Plaintiff correctly notes that he also testified that "the sitting was horrendous" at the job from which he was laid off. [Doc. 20] at 7 (quoting Tr. 40).

his RFC determination.  More importantly, the ALJ is not required to discuss every piece of evidence in the record, but to consider it.  *Hendron v. Colvin*, 767 F.3d 951, 955 (10th Cir. 2014) (quoting *Clifton*, 79 F.3d at 1009–10).  The ALJ stated that he considered the entire record. Tr. 17, 20. Generally, if an ALJ writes that he has "considered" the evidence, federal courts in the Tenth Circuit take him "at his word."  *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) (quoting *Flaherty*, 515 F.3d at 1071) (brackets omitted). This case is no exception.  Plaintiff further claims it was "error for the ALJ to have trivialized [his] weight as simply obese," because the National Heart, Lung, and Blood Institute classifies a BMI over 60 as "super-super morbidly obese." [Doc. 20] at 4.  Plaintiff cites no authority in support, and the Court has found none to establish that this was reversible error.

The ALJ assigned "some weight" to the opinions of the State agency physicians, "who found that [Plaintiff] is capable of performing medium work at the initial level and light work at the reconsideration level . . . ."  Tr. 20; *see also* Tr. 83–98, 115–28.  The ALJ ultimately limited Plaintiff to light work with additional postural, environmental, and mental limitations.  Tr. 17. Plaintiff mentions the State agency physician opinions without developing any argument to explain how the ALJ may have erred in weighing them or in determining the RFC, nor does he point to other opinion evidence that suggests additional functional limitations.  [Doc. 20] at 9.

In sum, it is clear that the ALJ adequately considered Plaintiff's obesity and his obesity-related limitations throughout his decision.  While Plaintiff points to records that he argues may support a more restrictive finding, he fails to show reversible error.  I find that the ALJ's findings and RFC determination are supported by substantial evidence.

**Conclusion**

Plaintiff's arguments are not persuasive. He fails to show reversible error in the ALJ's step three conclusion. He fails to show reversible error in the ALJ's evaluation of his limitations due to obesity or other impairments. And he has not demonstrated that the RFC determination is unsupported by substantial evidence. Accordingly, Plaintiff's Motion will be denied, and the Commissioner's decision will be affirmed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand for Designation of a Closed Period of Disability from February 6, 2016 to August 29, 2018 [Doc. 19] be **DENIED** and the Commissioner's final decision, affirmed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**